**TRINITY MOUNTAIN SEED COMPANY, a partnership, Plaintiff,**

v.

**MSD AGVET, A DIVISION OF MERCK & CO., INC., a foreign corporation, Defendant.**

**No. CV 92–0404–S–EJL.**

United States District Court, D. Idaho.

Feb. 11, 1994.

J. Walter Sinclair, Benoit, Alexander, Sinclair, Doerr, Harwood & High, Twin Falls, ID, for plaintiff.

Winthrop A. Rockwell, Faegre & Benson, Minneapolis, MN, Jeffrey A. Thomson, Elam, Burke & Boyd, Boise, ID, for defendant.

LODGE, Chief Judge.

There are presently three pending motions: (1) defendant's motion for summary judgment (Docket # 38); (2) plaintiff's motion to amend the complaint (Docket # 43); and (3) plaintiff's motion for a continuance of the summary judgment motion pending further discovery (Docket # 44).

Argument was presented to the court on the defendant's motion for summary judgment at a hearing held December 17, 1993. The court took that matter under advisement.

The plaintiff's complaint seeks damages for injury to seed potatoes allegedly resulting from a failure of defendant's product, MERTECT 340–F, a fungicide, to prevent fusarium fungus and dry rot of potatoes. The plaintiff, Trinity Mountain Seed Co. (TMS) had a contract to provide 200,000 cwt of seed potatoes for the 1992 growing season. The potatoes were treated with 340–F prior to storage, but they were allegedly damaged by fusarium fungus and dry rot despite the treatment. A product defect is alleged. The causes of action sound in breach of warranty and strict tort liability.

As a defense, the defendant, MSD Agvet (MSD), contends plaintiff's entire case is preempted by the Federal Insecticide, Fungicide, and Rodenticide Acts (FIFRA) found at 7 U.S.C. § 136, et seq. MSD contends FIFRA mandates dismissal of the present action.

The issue before the court is whether FIFRA preempts and prohibits the present lawsuit.

### The Summary Judgment Standard

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." U.S.C.S. Court Rules, Rule 56(c), Federal Rules of Civil Procedure, (Law.Co-op.1987).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See, Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. at 2552.[1]

---

1. *See also,* Rule 56(e) which provides, in part: When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there

■ Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975) (*quoting First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371 (9th Cir.1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

(1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir.1992).

### LAW and ANALYSIS

■ Under 7 U.S.C. § 136a(a), before a pesticide may be sold in the United States, it must be registered and its labeling must be approved by the Environmental Protection Agency (EPA). 7 U.S.C. § 136j(a)(2)(A) makes it unlawful to put anything on the label without EPA's prior approval. Additional warnings can't be added.

is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Applicants for registration must submit testing results regarding performance and health and environmental matters. 7 U.S.C. § 136a(c)(1)(D) and (c)(2). Applicants must test in accordance with the Pesticide Assessment Guidelines which, among other things, test product chemistry, residue chemistry, environmental fate, potential hazards to humans, domestic animals, and non-target organisms, reentry protection, pesticide spray drift evaluation, and product performance.

This data is compiled in order that the EPA can effect Congressional "[r]equirements to develop data on product performance and provide a mechanism to ensure that pesticide products will control the pests listed on the label and that unnecessary pesticide exposure to the environment will not occur as a result of the use of ineffective products." 40 CFR 158.202(i).

Pursuant to 7 U.S.C. § 136a(c)(5), the EPA cannot register a pesticide or approve a label unless if finds all of the following criteria have been met:

1. its composition is such as to warrant the proposed claims for it

2. its labeling and other material required to be submitted comply with the requirements of the Act;

3. it will perform its intended function without unreasonable adverse effects on the environment; and

4. when used in accordance with widespread and commonly recognized practice, it will not generally cause unreasonable adverse effects on the environment.

In § 136v(b), Congress precluded the states from imposing any requirements for labeling or packaging in addition to or different from those required under FIFRA.

In *Cipollone v. Liggett Group, Inc.*, —— U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992), the Supreme Court directed that in the area of preemption, congressional intent is the foundation of analysis. Every circuit that has considered FIFRA after *Cipollone*

U.S.C.S. Court Rules, Rules of Civil Procedure, Rule 56(e) (Law.Co-op.1987 & Supp.1991).

has decided that FIFRA preempts common law warning and labeling claims. *King v. Dupont*, 996 F.2d 1346 (1st Cir. July 7, 1993); *Shaw v. Dow*, 994 F.2d 364 (7th Cir.1993); *Papas v. UpJohn*, 985 F.2d 516 (11th Cir. 1993) (*Papas II*); *Arkansas–Platte v. Van Waters & Rogers*, 981 F.2d 1177 (10th Cir. 1993) (*Arkansas–Platte II*); and *Worm v. American Cyanide*, 970 F.2d 1301 (4th Cir. 1992).

Cipollone was a smoker who sued the tobacco company for failure to properly warn. The Supreme Court held the suit was preempted by federal law because Congress, in conjunction with the United States Surgeon General, prepared and approved the text of the warning placed on cigarette packaging and required its placement by the cigarette company.

When similar issues under FIFRA were presented, the United States Supreme Court vacated judgments in *Papas v. UpJohn Co.*, 926 F.2d 1019 (11th Cir.1991) [2] (*Papas I*) & *Arkansas–Platte v. Van Waters & Rogers*, 959 F.2d 158 (10th Cir.1992) [3] (*Arkansas–Platte I*), and directed those courts to re-evaluate the decisions in *Papas I* and *Arkansas–Platte I* in light of the Supreme Court's holding *Cipollone*. Both circuits then held that the preemption clause in *Cipollone* and the FIFRA preemption clause were indistinguishable and that state law based label claims were preempted by FIFRA.

The crux of the circuit court cases listed above is that all common law claims based on inadequate pesticide packaging or labeling are pre-empted by FIFRA. The 11th circuit in *Papas II* went so far as to ban plaintiff's warning claims that were allegedly unrelated to labeling and packaging under the preemption holding: "If a pesticide manufacturer places EPA approved warnings on the label and packaging of its product, its duty to warn is satisfied, and the adequate warning issue ends." 985 F.2d at 519.

On remand from the Supreme Court for further consideration consistent with *Cipollone*, *Papas II* held § 136v forbids inquiry into whether, under state law, a manufactur-er of pesticide adequately labelled and packaged its product. "FIFRA denies states the authority to require that pesticide manufacturers conform to a state law standard of care in their labeling and packaging practices. Thus, to the extent that the claims require a showing that the labelling and packaging 'should have included additional or more clearly stated warnings, those claims are preempted.'" *Id.* at 518 (citations omitted).

On remand from the Supreme Court for further consideration consistent with *Cipollone*, the 10th Circuit, In *Arkansas–Platte II* held:

when one looks to the purpose underlying both legislative regulation of labeling and packaging and a state common law duty to warn, it becomes evident those purposes are the same. Indeed, a state common law duty to warn is nothing more than a duty to label a product to provide information. In that sense, the common law duty is no less a "requirement" in the preemption scheme than a state statute imposing the same burden. The objectives of the common law duty and a regulatory statute are the same. Both address a manufacturer's duty to convey information about a product through the medium of a label. That a common law action can result in an award of damages to an injured party does not detract from the ultimate purpose of imposing a duty to warn the users of a product about its potential dangers or other properties. Therefore, we believe it only logical to hold that the common law duty to warn is subjected to the same federal preemptive constraints as a state statute. (Citation omitted).

In *Shaw v. Dow Brands*, 994 F.2d 364 (7th Cir.1993), the 7th Circuit held that FIFRA banned strict liability and negligence claims based on failure to warn against combining regulated products. *Shaw* contains a careful and thoughtful analysis of the preemption issue. Quoting *Cipollone*, *Shaw* points out:

"there is no general, inherent conflict between federal pre-emption of state warning

---

**2.** See *Papas v. Zeocon Corp.*, —— U.S. ——, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992).

**3.** *Arkansas–Platte v. Van Waters & Rogers*, —— U.S. ——, 113 S.Ct. 314, 121 L.Ed.2d 235 (1992).

requirements and the continued vitality of state common law damage actions," *Cipollone* at ——, 112 S.Ct. at 2618, it [*Cipollone*] also held that a broad statement in a federal law prohibiting state regulation does, in fact, wipe away common law attempts to impose liability on top of the federal regulation. *Id.* at ——, 112 S.Ct. at 2619–2621.

\*   \*   \*   \*   \*   \*

In order to succeed in the wake of *Cipollone*, then, Shaw would have to show that FIFRA's pre-emption language is less sweeping than the language of the 1969 Cigarette Act. Yet we can discern no significant distinction at all.

\*   \*   \*   \*   \*   \*

Because *Cipollone* destroyed whatever argument Shaw might have had about pre-emption, we are compelled to affirm the district court decision that FIFRA bars this action.

*Id.* at 369–71.

In *King v. Dupont,* 996 F.2d 1346 (1st Cir.1993), the 1st Circuit joined the 7th, 10th, and 11th and held FIFRA pre-empted labeling causes of action if the labels have been approved by the EPA. The 1st circuit affirmed the district court's entry of summary of judgment on plaintiff's two-count complaint. Count one alleged failure to warn of harm and danger of exposure; failure to advise as to safe use; and failure to warn of long term harms. Count 2 alleged strict liability and tort theories based upon the defendant having placed unreasonably and defectively dangerous chemical products into the stream of commerce. The products were allegedly dangerous due to a failure to warn of dangers from exposure.

The 4th Circuit Followed suit in *Worm v. American Cyanide,* 5 F.3d 744 (4th Cir.1993) (*Worm II* ). *Worm II* states that if a claim is based on advertising or promotional materials, and those materials are consistent with the EPA/FIFRA labels, the claims are preempted. *Id.* at 748.

The question of preemption before the court on this motion for summary judgment is a question of law. Questions of fact are implicated to the extent that, prior to application of FIFRA and case law interpreting FIFRA, the court must determine whether the plaintiff's complaint is based on the pesticide label. Plaintiff has conceded that the warranty and strict liability claims of the original complaint as well as the intentional fraud and misrepresentation claims included in the proposed amended complaint are all based on statements made on the pesticide label. After independent consideration, the court reaches the same conclusion. All of plaintiff's causes of action are based on pesticide label language.

Based on the case law cited above, this court concludes such claims are preempted. As such, MSD is entitled to summary judgment. Summary judgment must issue because FIFRA prohibits any state common law 'requirements for labeling or packaging in addition to or different from those required' by EPA. 7 U.S.C. § 136v(b)." Accordingly, summary judgment shall be entered for MSD. MSD shall prepare a judgment for the court's signature.

Based on the court's ruling, the plaintiff's motion to amend its complaint is also **DENIED.** The plaintiff's motion to stay summary judgment pending further discovery is **DENIED** because the issue at hand is law-driven. Facts are implicated only to the extent stated above.

## CONCLUSION

1. MSD's motion for summary judgment (docket # 38) is **GRANTED;**

2. Plaintiff's motion to amend its complaint (docket # 43) is **DENIED;** and

3. Plaintiff's motion to stay the motion for summary judgment pending further discovery (docket # 44) is **DENIED.**

**IT IS SO ORDERED.**